UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually,     :
     :
        Plaintiff,     :
v.     :
     :  Case No. 1:12-cv-1320
TC HOTEL, LLC an Ohio Limited Liability     :
Company,     :
     :  Judge Janet T. Neff
And     :
     :
VS TRAVERSE CITY REAL ESTATE     :
HOLDINGS, LLC, a Delaware Limited     :
Liability Company,

        Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
### (w/Jury Demand Endorsed Hereon)

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the

Defendant, TC HOTEL, LLC an Ohio Limited Liability Company, and VS TRAVERSE CITY

REAL ESTATE HOLDINGS, LLC (sometimes referred to as "Defendant" or "Defendants"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1.    Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County
of  HANCOCK.

2.    Defendant TC Hotel, LLC's property, Holiday Inn Traverse City is located at 615 E Front
St. Traverse City, MI in GRAND TRAVERSE County.

3.    Defendant VS Traverse City Real Estate Holdings, LLC's property, Holiday Inn Traverse
City is located at 615 E Front St. Traverse City, MI in GRAND TRAVERSE County.

## JURISDICTION AND VENUE

4.      Count I is brought pursuant to the laws of the United States, therefore the Court has

jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative

fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5.      Venue is properly located in the Western District of Michigan because venue lies in the

judicial district of the property situs.  The Defendants' property is located in and does

business within this judicial district.

6.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendants' violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201

and § 2202.

7.      Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an

individual with disabilities as defined by the ADA.  Michael Miles is paraplegic and uses

a wheelchair for mobility. MICHAEL MILES visits, and has visited, Traverse City and

the surrounding area for golf trips and family vacations several times annually and has

visited the property as a hotel guest which forms the basis of this lawsuit and plans to

return to the property to avail himself of the goods and services offered to the public at

the property.   Plaintiff Michael Miles has reservations to return to the property in

September 2013. Michael Miles also has a golf trip to the Traverse City area in July

2013, one of his many trips to the area, but has not determined where he will make hotel

accommodations but would like to stay at the Defendants' property but for the extensive

barriers to handicap access. The Plaintiff has encountered architectural barriers at the

subject property.  The barriers to access at the property have endangered his safety.

8.      Completely independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9.      Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendants own, operate, lease or leases to is known HOLIDAY INN TRAVERSE CITY is located at 615 E Front St. Traverse City, MI 49686.

10.     MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this

property as described but not necessarily limited to the allegations in paragraph 12 of this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.  MICHAEL MILES desires to visit HOLIDAY INN TRAVERSE CITY not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11.     The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of HOLIDAY INN TRAVERSE CITY has shown that violations exist.  These violations include, but are not limited to:

Parking

    A.     There are an insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable

    B.     Designated accessible parking spaces do not have or have insufficient access aisles in violation of the ADA whose remedy is readily achievable

Accessible Routes

    C.     There is no continuous accessible route throughout the hotel facility in violation of the ADA whose remedy is readily achievable

    D.     There is no accessible route from the hotel registration lobby to the pools, lounges, restaurants and other 1st floor hotel amenities in violation of the ADA whose remedy is readily achievable

E.      Door push on outdoor swimming pool entry/exit it at excessive height in violation of the ADA whose remedy is readily achievable

F.      Slope at doorway to exit outdoor pool is in excess of allowable ranges in violation of the ADA whose remedy is readily achievable

G.      The door width at the hotel pool sauna is too narrow and denies wheelchair access in violation of the ADA whose remedy is readily achievable

H.      No detectable warnings at curb cuts that intersect with moving traffic in violation of the ADA whose remedy is readily achievable

I.       No accessible route to beach from property due to steps down throughout the facility in violation of the ADA whose remedy is readily achievable

J.       No striped passenger loading zone in violation of the ADA whose remedy is readily achievable

Restrooms

K.      Signage designating hotel restroom as accessible is not mounted in compliance with the ADA in violation of the ADA whose remedy is readily achievable

L.      Toilet seat cover dispensers are mounted outside designated accessible reach ranges in violation of the ADA whose remedy is readily achievable

M.      Outdoor pool restrooms do not have and "A" stall in violation of the ADA whose remedy is readily achievable

N.      Outdoor pool restroom toilet stall does not have grab bars in violation of the ADA whose remedy is readily achievable

O.      Outdoor pool restroom toilet stall does not have sufficient clear floor space in violation of the ADA whose remedy is readily achievable

P.      Shower stall at the outdoor pool does not have compliant controls hardware or a removable shower head and shower cord in violation of the ADA whose remedy is readily achievable

Q.      Indoor pool restroom toilet stall does not have sufficient clear floor space in violation of the ADA whose remedy is readily achievable

R.      Shower stall at the indoor pool does not have compliant controls hardware or a removable shower head and shower cord in violation of the ADA whose remedy is readily achievable

S.      Lobby restroom has no accessible features, whereas there is no accessible toilet stall with grab bars or sufficient clear floor space, paper dispensers mounted outside designated accessible reach ranges and other violations. All in violation of the ADA whose remedy is readily achievable

Access to goods and services

T.      Outdoor patio bar in excess of 36 inches with no lowered surfaces in violation of the ADA whose remedy is readily achievable

U.      All hotel drinking fountains have controls that require tight grasping, clasping or twisting to operate in violation of the ADA whose remedy is readily achievable

V.      Neither the indoor or outdoor swimming pools have accessible pool lifts in violation of the ADA whose remedy is readily achievable

W.      No access route through hotel gift shop due to narrow width clearance in violation of the ADA whose remedy is readily achievable

X.      House phones mounted throughout the facility outside designated accessible reach range in violation of the ADA whose remedy is readily achievable

Guestrooms

Y.      Guestroom bathroom grab bars are mounted at excessive height in violation of the ADA whose remedy is readily achievable

Z.      Certain hotel amenities, such as a hairdryer, are mounted outside height and reach requirements in violation of the ADA whose remedy is readily achievable

AA.      There are an insufficient number of designated accessible roll-in shower guest-rooms whereas at least one more is required based upon ADAAG standards in violation of the ADA whose remedy is readily achievable

Policies and Procedure

BB.      The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

13.     The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access

to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14.  Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15.  HOLIDAY INN TRAVERSE CITY, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16.  Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendants' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17.  Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer

irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18.     Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

19.     Plaintiff restates the allegations of ¶¶ 1 - 1 8 as if fully rewritten here.

20      HOLIDAY INN TRAVERSE CITY, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21.     Defendants committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendants to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

## **<u>JURY DEMAND</u>**

Plaintiff demands a jury trial on liability and damages for Count II.

Respectfully Submitted,

<u>*Counsel for Plaintiff:*</u>

<u>\s\ Owen B Dunn Jr. - dated: January 31, 2013</u>

Owen B. Dunn, Jr., Esq. OH Bar Number 0074743
Law Office of Owen B. Dunn, Jr.
520 Madison Ave., Suite 330
Toledo, OH 43604
(419) 241-9661
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net